Donald **BEARDSLEE**, Petitioner–
Appellant,

v.

Jill **BROWN**, Warden of the California
State Prison at San Quentin,[*]
Respondent–Appellee.

No. 01–99007.

United States Court of Appeals,
Ninth Circuit.

Dec. 16, 2004.

---

* Pursuant to Fed.R.Civ.P. 43(c)(2), we sua sponte substitute Jill Brown for Jeanne Woodward as the respondent in this action.

Lester S. Rosen, Novato, CA, Steven S. Lubliner, Esq., Law Offices of Steven S. Lubliner, Petaluma, CA, Dane R. Gillette, Gerald A. Engler, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before TASHIMA, THOMAS, and PAEZ, Circuit Judges.

## ORDER

PER CURIAM.

In *Beardslee v. Woodford*, 358 F.3d 560 (9th Cir.2004), we affirmed the denial of federal habeas relief in this capital case. Subsequently, the Supreme Court denied Beardslee's petition for a writ of certiorari. *Beardslee v. Brown*, —— U.S. ——, 125 S.Ct. 281, 160 L.Ed.2d 68 (2004). Beardslee has now requested the issuance of a certificate of appealability ("COA"), arguing that he is entitled to relief pursuant to *Sanders v. Woodford*, 373 F.3d 1054 (9th Cir.2004), a decision that was issued by another panel of this Court during the pendency of his petition for a writ of certiorari. This case is in an unusual posture because Beardslee's request was made after the Supreme Court denied his petition for a writ of certiorari, but before this Court's issuance of the mandate.

■■■ We previously granted Beardslee's motion for an order temporarily staying issuance of the mandate. As we noted in that order, "a circuit court has the inherent power to stay its mandate following the Supreme Court's denial of certiorari." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1529 (9th Cir.1989). "An appellate court's decision is not final until its mandate issues." *Id.* (quoting *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir.1988)). Until the mandate issues, a circuit court retains jurisdiction of the case and may modify or rescind its opinion. *See Thompson v. Bell*, 373 F.3d 688, 691–

92 (6th Cir.2004) (holding that after certiorari is denied but before mandate issues, the court of appeals has jurisdiction to reopen the appeal), *petition for cert. filed*, 73 USLW 3259 (October 14, 2004); *Mariscal–Sandoval v. Ashcroft*, 370 F.3d 851, 856 (9th Cir.2004).

■■■ This inherent authority is not undercut by the time limits specified in Fed. R.App. P. 41(b). *See Bryant*, 886 F.2d at 1529. However, the rule's provision that the mandate issue on the denial of certiorari creates a "threshold requirement of exceptional circumstances before the mandate would be stayed." *Id.* Ordinarily, a request for a COA at this late date would not justify staying issuance of the mandate. However, in staying issuance of the mandate, we agreed with the Fourth Circuit that an intervening change in the law is an exceptional circumstance that may warrant the amendment of an opinion on remand after denial of a writ of certiorari. *Alphin v. Henson*, 552 F.2d 1033, 1035 (4th Cir.1977).

■■■ We agree with the State's position at oral argument that, once the threshold standard of exceptional circumstances has been satisfied warranting a temporary stay of the mandate, the usual standard for issuing a COA applies. The standard for granting a COA "is relatively low." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir.2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In order to obtain a COA, the petitioner must show only that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). The COA ruling is not, however,

an "adjudication of the actual merits" of petitioner's claim. *Id.* at 336–37, 123 S.Ct. 1029 (citing 28 U.S.C. § 2253). Indeed, as the Supreme Court has cautioned us:

> This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it.

*Id.*

After undertaking "an overview of the claim[ ]" and "a general assessment of [its]," *id.,* we conclude that Beardslee has satisfied the relatively low standard for the issuance of a COA. In *Sanders,* we determined that the California Supreme Court, after invalidating two of four special circumstances, had failed to reweigh the mitigating and aggravating factors or apply the correct harmless error standard. 373 F.3d at 1063. Because we were unable to conclude that the invalid special circumstances did not have a substantial or injurious effect or influence on the jury's choice of sentence, we granted Sanders relief as to his sentence. *Id.*

■ In the case before us, the California Supreme Court invalidated three of Beardslee's four special circumstances. *See People v. Beardslee,* 53 Cal.3d 68, 117, 279 Cal.Rptr. 276, 806 P.2d 1311 (1991). As in *Sanders,* the California Supreme Court in *Beardslee* did not review the special circumstances error under the harmless beyond a reasonable doubt standard. *See id.; cf. Sanders,* 373 F.3d at 1063; *see also People v. Sanders,* 51 Cal.3d 471, 521, 273 Cal.Rptr. 537, 797 P.2d 561 (1990). Therefore, "[r]easonable jurists could debate whether, 'in light of the record as a whole,' the three invalid special circumstances had a 'substantial and injurious effect or influence' on the jury's death penalty verdict and therefore whether the error was not harmless." *See Sanders,* 373 F.3d at 1060, 1064–65 (applying *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113

S.Ct. 1710, 123 L.Ed.2d 353 (1993), harmless-error standard where California Supreme Court failed to conduct an "adequate, independent" review of the effect of an invalid special circumstance). In view of the change in the law caused by *Sanders,* the issue presented deserves encouragement to proceed further.

Thus, we grant the request for a certificate of appealability as to claim 39 raised in the habeas petition, and specifically as to whether Beardslee is entitled to relief on that claim based upon our intervening decision in *Sanders. See* 28 U.S.C. § 2253(c)(2).

Although we have determined that exceptional circumstances exist justifying a temporary stay of the issuance of the mandate, we also recognize the need to resolve the merits of the claim expeditiously. Therefore, we order the parties to file simultaneous briefs on the merits on or before December 20, 2004, and simultaneous reply briefs on or before December 23, 2004. The opening briefs shall be no longer than 30 pages or 14,000 words, whichever is greater. The reply briefs shall be no longer than 15 pages or 7,000 words, whichever is greater.

By issuing this order, we express no opinion on the merits of the claim.

**IT IS SO ORDERED.**