# SUPREME COURT OF THE UNITED STATES

CHARLES L. RYAN, DIRECTOR, ARIZONA DEPART-
MENT OF CORRECTIONS, PETITIONER *v.*
EDWARD HAROLD SCHAD

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 12–1084.   Decided June 24, 2013

PER CURIAM.

Respondent Edward Schad was convicted of first-degree murder and sentenced to death. After an extensive series of state- and federal-court proceedings concluded with this Court's denial of respondent's petitions for certiorari and for rehearing, the Ninth Circuit declined to issue its mandate as normally required by Federal Rule of Appellate Procedure 41(d)(2)(D). The Ninth Circuit instead, *sua sponte*, construed respondent's motion to stay the mandate pending the Ninth Circuit's decision in a separate en banc case as a motion to reconsider a motion that it had denied six months earlier. Based on its review of that previously rejected motion, the court issued a stay a few days before respondent's scheduled execution. Even assuming, as we did in *Bell* v. *Thompson*, 545 U. S. 794 (2005), that Rule 41(d)(2)(D) admits of any exceptions, the Ninth Circuit did not demonstrate that exceptional circumstances justified withholding its mandate. As a result, we conclude that the Ninth Circuit's failure to issue its mandate constituted an abuse of discretion.

## I

In 1985, an Arizona jury found respondent guilty of first-degree murder for the 1978 strangling of 74-year-old Lorimer Grove.[1] The court sentenced respondent to death.

---

[1] A state habeas court vacated an earlier guilty verdict and death

After respondent's conviction and sentence were affirmed on direct review, see *State* v. *Schad*, 163 Ariz. 411, 788 P. 2d 1162 (1989), and *Schad* v. *Arizona*, 501 U. S. 624 (1991), respondent again sought state habeas relief, alleging that his trial counsel rendered ineffective assistance at sentencing by failing to discover and present sufficient mitigating evidence. The state courts denied relief.

In August 1998, respondent sought federal habeas relief. He again raised a claim of ineffective assistance at sentencing for failure to present sufficient mitigating evidence. The District Court denied respondent's request for an evidentiary hearing to present new mitigating evidence, concluding that respondent was not diligent in developing the evidence during his state habeas proceedings. *Schad* v. *Schriro*, 454 F. Supp. 2d 897 (Ariz. 2006). The District Court alternatively held that the proffered new evidence did not demonstrate that trial counsel's performance was deficient. *Id.*, at 940–947. The Ninth Circuit affirmed in part, reversed in part, and remanded to the District Court for a hearing to determine whether respondent's state habeas counsel was diligent in developing the state evidentiary record. *Schad* v. *Ryan*, 606 F. 3d 1022 (2010). Arizona petitioned for certiorari. This Court granted the petition, vacated the Ninth Circuit's opinion, and remanded for further proceedings in light of *Cullen* v. *Pinholster*, 563 U. S. ___ (2011). See *Ryan* v. *Schad*, 563 U. S. ___ (2011). On remand, the Ninth Circuit affirmed the District Court's denial of habeas relief. *Schad* v. *Ryan*, 671 F. 3d 708, 726 (2011). The Ninth Circuit subsequently denied a motion for rehearing and rehearing en banc on February 28, 2012.

On July 10, 2012, respondent filed in the Ninth Circuit the first motion directly at issue in this case. This motion

_____

sentence due to an error in jury instructions. See *State* v. *Schad*, 142 Ariz. 619, 691 P. 2d 710 (1984).

Per Curiam

asked the court to vacate its judgment and remand to the District Court for additional proceedings in light of this Court's decision in *Martinez* v. *Ryan,* 566 U. S. 1 (2012).[2] The Ninth Circuit denied respondent's motion on July 27, 2012. Respondent then filed a petition for certiorari. This Court denied the petition on October 9, 2012, 568 U. S. \_\_\_, and denied a petition for rehearing on January 7, 2013. 568 U. S. \_\_\_.

Respondent returned to the Ninth Circuit that day and filed a motion requesting a stay of the mandate in light of a pending Ninth Circuit en banc case addressing the interaction between *Pinholster* and *Martinez*. The Ninth Circuit denied the motion on February 1, 2013, "declin[ing] to issue an indefinite stay of the mandate that would unduly interfere with Arizona's execution process." Order in No. 07–99005, Doc. 102, p. 1. But instead of issuing the mandate, the court decided *sua sponte* to construe respondent's motion "as a motion to reconsider our prior denial of his Motion to Vacate Judgment and Remand in light of *Martinez*," which the court had denied on July 27, 2012. *Id.,* at 2. The court ordered briefing and, in a divided opinion, remanded the case to the District Court to determine whether respondent could establish that he received ineffective assistance of postconviction counsel under *Martinez*, whether he could demonstrate prejudice as a result, and whether his underlying claim of ineffective assistance of trial counsel had merit. No. 07–99005 (Feb. 26, 2013), App. to Pet. for Cert. A–13 to A–15, 2013 WL 791610, *6. Judge Graber dissented based on her conclusion that respondent could not show prejudice. *Id.,* at A–16 to A–17, 2013 WL 791610, *7. Arizona set an execution date of March 6, 2013, which prompted respondent to file

——————

[2] *Martinez*, 566 U. S. 1, was decided on March 20, 2012. We are unaware of any explanation for respondent's delay in bringing his *Martinez*-based argument to the Ninth Circuit's attention.

a motion for stay of execution on February 26, 2013. The Ninth Circuit panel granted the motion on March 1, 2013, with Judge Graber again noting her dissent.

On March 4, 2013, Arizona filed a petition for rehearing and rehearing en banc with the Ninth Circuit. The court denied the petition the same day, with eight judges dissenting in two separate opinions. 709 F. 3d 855 (2013).

On March 4, Arizona filed an application to vacate the stay of execution in this Court, along with a petition for certiorari. This Court denied the application, with JUS-TICES SCALIA and ALITO noting that they would grant it. 568 U. S. ___ (2013). We now consider the petition.

## II

Federal Rule of Appellate Procedure 41(d)(2)(D) sets forth the default rule that "[t]he court of appeals *must issue the mandate immediately* when a copy of a Supreme Court order denying the petition for writ of certiorari is filed." (Emphasis added.) The reason for this Rule is straightforward: "[T]he stay of mandate is entered solely to allow this Court time to consider a petition for certiorari." *Bell*, 545 U. S*.,* at 806. Hence, once this Court has denied a petition, there is generally no need for further action from the lower courts. See *ibid.* ("[A] decision by this Court denying discretionary review usually signals the end of litigation"). In *Bell*, Tennessee argued that Rule 41(d)(2)(D) "admits of no exceptions, so the mandate should have issued on the date" the Court of Appeals received notice of the Supreme Court's denial of certiorari. *Id.*, at 803. There was no need to resolve this issue in *Bell* because we concluded that the Sixth Circuit had abused its discretion even if Rule 41(d)(2)(D) authorized a stay of the mandate after denial of certiorari. *Id.*, at 803–804. As in *Bell*, we need not resolve this issue to determine that the Ninth Circuit abused its discretion here.

*Bell* recognized that when state-court judgments are

reviewed in federal habeas proceedings, "finality and comity concerns," based in principles of federalism, demand that federal courts "accord the appropriate level of respect to" state judgments by allowing them to be enforced when federal proceedings conclude. *Id.,* at 812–813. As we noted, States have an "'"interest in the finality of convictions that have survived direct review within the state court system."'" *Id.,* at 813 (quoting *Calderon* v. *Thompson*, 523 U. S. 538, 555 (1998), in turn quoting *Brecht* v. *Abrahamson*, 507 U. S. 619, 635 (1993)). Elsewhere, we explained that "'the profound interests in repose' attaching to the mandate of a court of appeals" dictate that "the power [to withdraw the mandate] can be exercised only in extraordinary circumstances." *Calderon*, *supra*, at 550 (quoting 16 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §3938, p. 712 (2d ed. 1996)). Deviation from normal mandate procedures is a power "of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon*, *supra,* at 550. Even assuming a court of appeals has authority to do so, it abuses its discretion when it refuses to issue the mandate once the Supreme Court has acted on the petition, unless extraordinary circumstances justify that action.

Applying this standard in *Bell*, we found no extraordinary circumstances that could constitute a miscarriage of justice. There, a capital defendant unsuccessfully alleged in state postconviction proceedings that his trial counsel had been ineffective by failing to introduce sufficient mitigating evidence in the penalty phase of trial. 545 U. S., at 797. On federal habeas review, he made the same argument. *Id.,* at 798. After the Sixth Circuit affirmed, the defendant filed a petition for rehearing that "placed substantial emphasis" on his argument that the Sixth Circuit had overlooked new psychiatrist evidence. *Id.,* at 800. While the Sixth Circuit denied the petition, it stayed the issuance of its mandate while the defendant

sought certiorari and, later, rehearing from the denial of the writ. *Ibid.*

When this Court denied the petition for rehearing, the Sixth Circuit did not issue its mandate. Instead, the Sixth Circuit waited five months (and until two days before the scheduled execution) to issue an amended opinion that vacated the District Court's denial of habeas and remanded for an evidentiary hearing on the ineffective-assistance-of-counsel claim. *Id.,* at 800–801. This Court reversed that decision, holding that the Sixth Circuit had abused its discretion due to its delay in issuing the mandate without notifying the parties, its reliance on a previously rejected argument, and its disregard of comity and federalism principles.

In this case, the Ninth Circuit similarly abused its discretion when it did not issue the mandate. As in *Bell*, the Ninth Circuit here declined to issue the mandate based on an argument it had considered and rejected months earlier. And, by the time of the Ninth Circuit's February 1, 2013, decision not to issue its mandate, it had been over 10 months since we decided *Martinez* and nearly 7 months since respondent unsuccessfully asked the Ninth Circuit to reconsider its decision in light of *Martinez*.[3]

Further, there is no doubt that the arguments presented in the rejected July 10, 2012, motion were identical to those accepted by the Ninth Circuit the following February. Respondent styled his July 10 motion a "Motion to Vacate Judgment and Remand to the District Court for Additional Proceedings in Light of *Martinez* v. *Ryan*." No. 07–99005 (CA9), Doc. 88, p. 1. As its title suggests, the only claim presented in that motion was that respondent's

-----

[3] Respondent did not even present the motion that the Ninth Circuit ultimately reinstated until more than 4 months after the Ninth Circuit denied respondent's request for panel rehearing and rehearing en banc and more than 3½ months after *Martinez* was decided.

postconviction counsel should have developed more evidence to support his ineffective-assistance-of-trial-counsel claim. Here, as in *Bell*, respondent's July 10 motion "pressed the same arguments that eventually were adopted by the Court of Appeals." 545 U. S*.,* at 806. These arguments were pressed so strongly in the July 10 motion that "[i]t is difficult to see how . . . counsel could have been clearer." *Id.,* at 808. The Ninth Circuit had a full "opportunity to consider these arguments" but declined to do so, *id.*, at 806, which "support[s] our determination that the decision to withhold the mandate was in error." *Id.,* at 806–807. We presume that the Ninth Circuit carefully considers each motion a capital defendant presents on habeas review. See *id.*, at 808 (rejecting the notion that "judges cannot be relied upon to read past the first page of a petition for rehearing"). As a result, there is no indication that there were any extraordinary circumstances here that called for the court to revisit an argument *sua sponte* that it already explicitly rejected.

Finally, this case presents an additional issue not present in *Bell*. In refusing to issue the mandate, the Ninth Circuit panel relied heavily upon *Beardslee* v. *Brown*, 393 F. 3d 899, 901 (CA9 2004) (*per curiam*), *Beardslee*, which precedes our *Bell* decision by more than six months, asserts the Ninth Circuit's inherent authority to withhold a mandate. See App. to Pet. for Cert. A–3 to A–4, 2013 WL 791610, *1. But *Beardslee* was based on the Sixth Circuit's decision in *Bell*, which we reversed. See *Beardslee*, *supra*, at 901 (citing *Thompson* v. *Bell*, 373 F. 3d 688, 691–692 (2004)). That opinion, thus, provides no support for the Ninth Circuit's decision.

In light of the foregoing, we hold that the Ninth Circuit abused its discretion when it neglected to issue its mandate. The petition for a writ of certiorari and respondent's motion to proceed *in forma pauperis* are granted. The Ninth Circuit's judgment is reversed, the stay of execution

Per Curiam

is vacated, and the case is remanded with instructions to issue the mandate immediately and without any further proceedings.

*It is so ordered.*