**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD HAROLD SCHAD, *Petitioner-Appellant*, | No. 13-16895 |
| v. | D.C. No. 2:97-cv-02577-ROS |
| CHARLES L. RYAN, Director, Arizona Department of Corrections, *Respondent-Appellee*. | OPINION |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted October 1, 2013[*]
San Francisco, California

Filed October 4, 2013

Before: Mary M. Schroeder, Stephen Reinhardt,
and Susan P. Graber, Circuit Judges.

Opinion by Judge Schroeder;
Concurrence by Judge Graber;
Dissent by Judge Reinhardt

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Habeas Corpus/Death Penalty

The panel affirmed the district court's dismissal of a Fed. R. Civ. P. 60(b) motion as a second or successive petition.

Petitioner filed a Rule 60(b) motion for relief, seeking to reopen the district court's previous denial of his original 28 U.S.C. § 2254 habeas corpus petition challenging his murder conviction and capital sentence. Petitioner contended that he wished to bring a new but procedurally defaulted claim (ineffective assistance of counsel in failing to present mitigating evidence of the effect of childhood abuse on his mental condition), and that the default was excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The panel held that the district court properly denied the Rule 60(b) motion because petitioner's claim was essentially the same as the claim he brought in his original petition.

Judge Graber concurred in the majority opinion, but would deny the Rule 60(b) motion for a second, independent reason: that the law of the case doctrine applies.

Dissenting, Judge Reinhardt would hold that the allegation of petitioner's mental illness at the time he committed the offense constitutes a new ineffective assistance claim that satisfies the standard for relief from judgment under Rule 60(b).

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

before carrying out a sentence of death under the questionable circumstances present here.[2]

---

[2] Judge Graber suggests in her concurring opinion that law of the case doctrine provides an independent reason to affirm the district court. I disagree. In the case that she cites, the Supreme Court addressed only whether "extraordinary circumstances" justified a delay in issuing the mandate under Federal Rule of Appellate Procedure 41(d)(2)(D). *See Ryan v. Schad*, 133 S. Ct. 2548, 2552 (2013). The Supreme Court said nothing about the substance of Schad's argument. Although it did note that we had previously denied Schad's request to vacate the judgment, we did so only on procedural grounds in an order consisting of a single sentence. *See Schad v. Ryan*, No. 07-99005, Docket Entry No. 90 ("The petitioner-appellant's Motion to Vacate Judgment and Remand to the District Court is DENIED."). Neither our one sentence order nor the Supreme Court's recitation of the procedural history of our case while addressing an entirely different issue constitutes law of the case that controls this Rule 60(b) appeal.

## COUNSEL

Kelley J. Henry, Assistant Federal Public Defender, Nashville, Tennessee; and Denise Irene Young, Law Office of Denise I. Young, Tucson, Arizona, for Petitioner-Appellant.

Jon Anderson and Jeffrey A. Zick, Assistant Attorneys General, Arizona Attorney General's Office, Phoenix, Arizona, for Respondent-Appellee.

---

## OPINION

SCHROEDER, Senior Circuit Judge:

Edward Harold Schad is scheduled to be executed by the State of Arizona on October 9, 2013. He was convicted in 1985 of first degree murder in the strangling death of Lorimer Grove. Federal habeas proceedings began in 1997 and in the intervening years have traversed every twist and turn in the path of federal habeas. The case reached Supreme Court review for the third time last summer. The history of the litigation is summarized in its opinion, *Ryan v. Schad*, 133 S. Ct. 2548, 2549–50 (2013) (per curiam). We set forth a somewhat fuller time line here.

> **December 14, 1978** - Schad is indicted for first degree murder in Arizona.
>
> **June 27 – August 29, 1985** - Schad is convicted of first degree murder and sentenced to death.

**December 14, 1989** - Schad's conviction and sentence are affirmed on direct appeal. *State v. Schad*, 788 P.2d 1162 (Ariz. 1989).

**June 21, 1991** - After granting certiorari (on instruction issues), the Supreme Court affirms. *Schad v. Arizona*, 501 U.S. 624 (1991).

**December 16, 1991** - Schad files for habeas relief in Arizona state court.

**June 21, 1996** - The state court dismisses Schad's petition for habeas relief that claimed ineffective assistance at sentencing.

**December 16, 1997** - Schad files for habeas relief in the district of Arizona.

**September 28, 2006** - The district court denies Schad's petition for habeas relief, *Schad v. Schriro*, 454 F. Supp. 2d 897 (D. Ariz. 2006), holding Schad was not diligent in state court and denying on the merits with respect to evidence presented in federal court.

**January 12, 2010** - This court reverses the district court and remands to determine whether Schad had been diligent in presenting evidence regarding his mental health to the state court. *Schad v. Ryan*, 595 F.3d 907, 922–23 (9th Cir. 2010).

The majority bases its argument almost entirely on a few references to the lack of investigation into Schad's psychiatric status. In context, however, these statements refer to evaluations of how his traumatic experiences affected Schad as a youth and relate solely to the sympathy-based mitigation argument described above. *See, e.g.*, *id.* at 720 (noting that counsel failed to obtain "first-hand descriptions of the abuse Schad suffered as a child" or "a psychiatric evaluation to assess the negative effects of that abuse"). At no point in our prior opinion did we say anything at all about a connection between Schad's youth and his commission of the crime or about his multi-faceted mental illness at the time he did so. Ultimately, the majority errs in concluding that because Schad's childhood trauma may be relevant to both ineffective assistance claims, those two claims must constitute a single claim. In fact, the new claim relies upon that childhood evidence only to provide an explanation of the background conditions that led to the development of Schad's serious mental ailments. It does not seek mitigation because of Schad's abusive childhood. To the contrary, it seeks mitigation because of the serious mental illness that marked Schad's adult life.

It is clear that Schad's new claim bears little resemblance to his old one and, therefore, cannot be said to be the same claim that was adjudicated on the merits by the state post-conviction court. The majority errs in reaching a contrary conclusion. That error leads it to mistake Schad's procedurally proper Rule 60(b) motion for a second or successive habeas petition. Because Schad's Rule 60(b) motion satisfies all other requirements for relief, I would remand to the district court to review his new ineffective assistance claim on the merits. That is the least we should do

failed to give proper weight to mitigating evidence of his troubled family background," and pointed out that his supplemental state petition included "a general claim that Schad's sentencing counsel was ineffective for failing to discover and present mitigating evidence regarding Schad's family background." *Schad v. Ryan*, 671 F.3d 708, 720–21 (9th Cir. 2011). Turning to his federal petition, we added:

> By the start of federal habeas proceedings in 1998, Schad's counsel had obtained a great deal more information about *his early and abusive childhood experiences*. Schad asserted that he received ineffective assistance of counsel at the penalty phase of trial when his attorney, Shaw, failed to investigate and present *mitigating evidence regarding Schad's troubled childhood*, and instead relied on the brief discussion of Schad's childhood contained in the psychiatrist's testimony and in the presentence report. During proceedings before the district court, Schad sought an evidentiary hearing in order to present a significant amount of *evidence regarding his abusive childhood*, which he contends his sentencing counsel should have presented at the sentencing hearing.

*Id.* at 721 (emphasis added). The unmistakable point of our opinion was that Schad based his old ineffective assistance claim on failure to present mitigation evidence consisting of his abusive childhood experiences. We said nothing whatsoever about ineffective assistance in failing to seek or obtain evidence of Schad's mental illness as an adult.

**April 18, 2011** - The Supreme Court grants Arizona's petition for certiorari and remands back to this court to reconsider its decision in light of the Supreme Court's opinion in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). *Ryan v. Schad*, 131 S. Ct. 2092 (2011) (per curiam).

**November 10, 2011** - This court affirms the district court's denial of Schad's habeas petition on the merits. *Schad v. Ryan*, 671 F.3d 708, 722 (9th Cir. 2011) (per curiam).

**July 27, 2012** - This court denies Schad's Motion to Vacate Judgment and Remand in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). No. 07-99005(CA9), Docs. 88, 91.

**October 9, 2012 -** The Supreme Court denies Schad's certiorari petition. *Schad v. Ryan*, 133 S. Ct. 432 (2012).

**February 1, 2013** - This court denies Schad's "Emergency Motion to Continue Stay of the Mandate Pending En Banc Proceedings in *Dickens v. Ryan*," and construes it as a motion to reconsider its prior denial of his Motion to Vacate Judgment and Remand in light of *Martinez*. No. 07-99005(CA9), Doc. 102, pp. 1–2.

**February 26, 2013** - This court grants Schad's Motion to Vacate Judgment and

Remand. *Schad v. Ryan*, No. 07-99005, 2013 WL 791610 (9th Cir. Feb. 26, 2013).

**June 24, 2013** - The Supreme Court grants certiorari, reverses, and remands back to this court to issue the mandate. *Ryan v. Schad*, 133 S. Ct. 2548, 2552 (2013) (per curiam).

**September 4, 2013 -** This court issues its mandate affirming the district court's 2006 denial of habeas relief in all respects pursuant to its third amended opinion of November 10, 2011. No. 07-99005(CA9), Doc. 137, p. 1.

**September 19, 2013** - The district court dismisses Schad's motion for relief under Federal Rule of Civil Procedure 60(b) as an unauthorized second or successive petition. *Schad v. Ryan*, No. CV-97-02577-PHX-ROS, 2013 WL 5276407 (D. Ariz. Sept. 19, 2013).

Schad now appeals the district court's dismissal of his Rule 60(b) motion seeking to reopen the district court's 2006 denial of his original federal habeas petition. Underlying both this proceeding, and the attempts to stay the mandate that led to the Supreme Court's decision earlier this year, is Schad's claim that he received ineffective assistance of counsel in his state court sentencing, because his counsel failed to present mitigating evidence of the effect that his childhood abuse had on his mental condition at the time he committed the crime.

Federal court consideration of evidence or claims not presented in the state court is generally barred. *See Cullen v.*

Schad's mental state at the time of the murder and to obtain a full social history in support of such a claim. Finally, it turns on a different legal theory. The new claim, unlike the old one, is not concerned with inadequacies in painting Schad as a sympathetic individual by virtue of his difficult childhood. It is not based on counsel's failure to develop evidence that Schad's abusive upbringing constituted a mitigating circumstance that outweighed the case for death. Rather, it attempts to establish that counsel was ineffective for failing to investigate and present evidence of serious mental illness as an adult that might have been responsible, at least in part, for Schad's commission of the violent act of intentionally killing Grove. Without this evidence, Schad's crime appears to be nothing but the act of a ruthless and cold blooded killer. This was especially true in light of the other evidence at sentencing, which strongly suggested that Schad was of sound mind at the time that he committed the offense. Schad's new claim thus relies on new and different factual allegations, a new and different account of the alleged deficiency in sentencing counsel's performance, and a new and different legal theory of why sentencing counsel rendered ineffective assistance.

The majority nonetheless treats the two claims as one. Its insistence that Schad's claim has always been based on the link between childhood abuse and his mental condition at the time of the offense, however, is simply not correct. In our earlier opinion, relied upon by the majority, we revealed our awareness that Schad's claim was focused almost exclusively on his childhood. We quoted at length from the pre-sentence report's discussion of "Schad's childhood," noted that counsel "did not present additional evidence regarding Schad's troubled childhood," observed that Schad's preliminary state habeas petition "argued the sentencing court

Obsessive-Compulsive Disorder; Schizoaffective Disorder; Several of the anxiety disorders; Dissociative disorders; Adjustment disorders." In his report, Sanislow concludes:

> [Schad's] behavior is consistent with mental illness in the affective spectrum, specifically some type of bipolar affective illness. Throughout his life, he had often exhibited symptoms of paranoia, anxiety, and mania, and his presentation is complicated by his history of trauma. Signs of a thought disturbance are at times present in his speech patterns; he perseverates, displays impoverished speech, and has a limited range of affect. The passive-dependent traits that [an earlier expert] described in her psychological evaluation are likely accompaniments to chronic mental illness but do not capture the complete diagnostic picture. In addition to manic symptoms, he displays classic signs of chronic depression including a foreshortened sense of future.

This new evidence stands in stark contrast to the pre-sentencing report, relied on heavily by the sentencing court, which stated that "[Schad] has not suffered from any mental health problems."

The new claim differs from the old claim in every respect that matters. It relies heavily on new and different evidence relating to Schad's mental illness at the time he committed the crime, notably including Sanislow's report. It points to different deficiencies on the part of counsel than those identified in the old claim, principally the failure to examine

*Pinholster*, 131 S. Ct. 1388 (2011), *see also Ryan v. Schad*, 131 S. Ct. 2092 (2011). The Supreme Court later held, however, in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), that ineffective assistance of post-conviction counsel in some circumstances can establish cause for lifting the procedural bar to a claim not pursued in state court proceedings. Schad contends that his ineffectiveness claim can now be considered under *Martinez*.

When this ineffectiveness contention was presented to us in 2012 as a motion to remand, we originally denied it. We reconsidered the denial in light of intervening authority from our court. *Schad v. Ryan*, No. 07-99005, 2013 WL 791610, at *1 (9th Cir. Feb. 26, 2013). After we attempted to remand the matter to the district court to decide whether Schad's claim came within the Supreme Court's holding in *Martinez*, however, the Supreme Court ruled that there were no extraordinary circumstances justifying our reconsideration of our earlier ruling. *Schad*, 133 S. Ct. at 2552. Thus, we then issued the mandate for our November 2011 decision and Schad was barred from litigating his ineffectiveness of counsel claim under *Martinez*.

Schad has now attempted to accomplish the same purpose by filing a Rule 60(b) motion to vacate the district court's 2006 denial of habeas relief and thus reopen his original habeas petition. He wants to show that his state post-conviction counsel was ineffective in failing adequately to present a claim relating to his mental condition at the time of sentencing. He offers some evidence, principally an affidavit of a medical expert about the effect of his childhood abuse on his adult mental condition, that he has asked the federal courts to consider since these habeas proceedings began, and

which we in 2011 effectively ruled was barred by *Pinholster*, following the Supreme Court's remand.

The district court in denying the Rule 60(b) motion recognized that Schad had already raised in state court habeas proceedings a claim that trial counsel was ineffective in failing to investigate his childhood abuse. The district court also recognized that the claim now being made, i.e., the failure of trial counsel to develop more evidence, is the same as it had rejected earlier. The district court therefore concluded that it had already ruled on Schad's claim and that there was no separate procedurally defaulted claim that could be the basis for applying *Martinez*.

In this appeal, Schad's principal contention is that the district court erred because he is presenting a different ineffective assistance claim than that presented in state court. He is now contending that the federal claim of counsel ineffectiveness with respect to the effect of childhood abuse is somehow distinct from the earlier claim of ineffectiveness in failing to investigate the childhood abuse itself. The two cannot be so easily separated, however, because the relevant mitigating factor in sentencing was always the effect of the childhood abuse on his adult mental state. As we explained in an earlier opinion, the point of presenting new evidence of Schad's dismal childhood was to show its effect on his adult mental health. *See Schad v. Ryan*, 671 F.3d 708 (9th Cir. 2011). For example, we wrote:

> At the sentencing hearing, defense counsel . . . [did not] seek a comprehensive psychiatric evaluation to assess the negative effects of that abuse. [*Id.* at 720.]

condition as an adult. Rather, the old claim simply alleged an incompetent investigation of Schad's background—an investigation that resulted in an inability to present a complete picture of a person that could have helped humanize Schad before the sentencer. In short, the old claim related only to deficiencies with respect to counsel's failure to investigate Schad's childhood and family environment, including his failure to examine records from Schad's youth and to follow up with mitigation experts. Ultimately, the old claim was based on the legal theory that counsel rendered ineffective assistance by failing to investigate or present substantial evidence that would have painted a human picture of Schad—a picture that might have prompted a reasonable judge to feel sympathy and spare the defendant's life. *See Ainsworth v. Woodford*, 268 F.3d 868, 876–77 (9th Cir. 2001) (emphasizing the "essential importance of developing the background and character of a defendant in order to make an individualized assessment of the appropriateness of the death penalty.").

On federal habeas, in support of the "new" claim, Schad introduced substantial new factual evidence pertaining to his mental condition as an adult. He argued that counsel provided ineffective assistance by failing to investigate and present evidence that Schad suffered from serious mental illness at the time of the crime. One of his doctors, Dr. Sanislow, offered expert opinions regarding Schad's "cognitive and psychological development and his behavioral functioning as an adult." Sanislow's extremely thorough review of Schad's history notes that his early (pre-crime) documented behavior was consistent with "several major mental disorders, apparently none of which was ever considered previously." These disorders include "Bipolar Disorder; Major Depression or other depressive disorders;

To be sure, the line between a new claim and an old claim bolstered by more evidence is not always clear.[1] Wherever that line is drawn, however, Schad's claim is most certainly a new one. An examination of the new evidence that he has presented on federal habeas, and his legal theories supporting a finding of ineffective assistance, demonstrate that Schad has advanced two separate claims, only one of which was presented to and adjudicated by the state post-conviction court.

Schad's initial claim was that "sentencing counsel was ineffective for failing to discover and present mitigating evidence regarding Schad's family background." *Schad v. Ryan*, 671 F.3d 708, 721 (9th Cir. 2011). This "old" claim did not purport to raise the question of Schad's mental

---

[1] *Dickens v. Ryan*, a case currently pending before the en banc court, involves a similar fact pattern and presents a similar question to that which we are forced to address hastily in Schad's case. *See* 688 F.3d 1054 (9th Cir. 2012), *vacated*, 704 F.3d 816 (9th Cir. 2013). The panel that originally decided *Dickens* concluded that a petitioner's factual allegations regarding mitigation evidence in federal court may amount to a new ineffective assistance claim, even where that petitioner has already alleged a more general ineffective assistance claim based on failure to investigate. *See id.* at 1067–70. It is to be expected that the en banc court will address that question and offer guidance on how to determine when new allegations generate a new claim. In almost any other circumstance, because a hasty resolution of this complicated issue runs a high risk of error, we would await the en banc ruling in *Dickens*. As Justice Douglas once said, "It is . . . important that before we allow human lives to be snuffed out we be sure—emphatically sure—that we act within the law." *Rosenberg v. United States*, 346 U.S. 273, 321 (1953) (Douglas, J., dissenting). Although under the presently controlling case law, we are required to act quickly and without due time for reflection, Justice Douglas's maxim counsels in favor of a liberal reading of the law governing what qualifies as a "new claim" so that we may avoid making a decision that we may regret in a matter of days or weeks.

---

The expert [whose affidavit counsel attached] recommended that a comprehensive psychological evaluation be performed . . . . [*Id.* at 721.]

Schad sought to present mitigating evidence . . . , including extensive mental health records of [family members], as well as several declarations discussing Schad's childhood *and its effect on his mental health*. The first declaration . . . provided an extremely detailed discussion of the psychological impact of Schad's abusive childhood. [*Id.* at 721–22 (emphasis added).]

The claim presented here is thus not new. It is essentially the same as the claim he brought in his original habeas petition. There is no separate procedurally defaulted ineffectiveness claim.

We do not need to decide whether Rule 60(b) can ever be an appropriate vehicle for bringing a *Martinez* argument with respect to a procedurally defaulted claim. The district court in this case correctly held that "[p]etitioner's Rule 60(b) motion does not present a new claim; rather, he seeks a second chance to have the merits determined favorably." *Schad v. Ryan*, No. CV-97-02577-PHX-ROS, 2013 WL 5276407, at *6 (D. Ariz. Sept. 19, 2013) (internal quotation marks omitted). The district court correctly dismissed the Rule 60(b) motion as a second or successive petition.

**AFFIRMED**.

GRABER, Circuit Judge, concurring:

I concur in the majority opinion but would deny the Rule 60(b) motion for a second, independent reason.

The Supreme Court emphasized that our court already denied Schad's *Martinez*-based request to vacate the judgment and remand the case.[1] "The Ninth Circuit denied [Schad's] motion on July 27, 2012." *Ryan v. Schad*, 133 S. Ct. 2548, 2549–50 (2013) (per curiam). The Supreme Court then denied a petition for certiorari and a petition for rehearing. *Id.* at 2550. "Further, there is no doubt that the arguments presented in the rejected July 10, 2012, motion were identical to those accepted by the Ninth Circuit the following February." *Id.* at 2552. Both motions sought a *Martinez* remand on the ground that post-conviction counsel should have developed more evidence to support the claim of ineffective assistance of counsel at sentencing. *Id.* The Court went on to suggest that Schad was not diligent in developing this claim. *See, e.g.*, *id.* at 2550 n.2, 2552 n.3.

I take those statements to instruct, or at least strongly suggest, that the law of the case doctrine applies. Accordingly, I would deny the Rule 60(b) motion on this ground as well.

---

[1] I question the relevance of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because the district court did not rely on a procedural default that could be excused. The court examined the issue on the merits.

REINHARDT, Circuit Judge, dissenting.

I would hold that the allegation of Schad's serious mental illness at the time he committed his offense constitutes a new ineffective assistance of counsel claim. In reaching a contrary result, the majority adopts an erroneous view of how Schad's new allegation relates to his old ineffective assistance claim—and thus misses the fundamental difference between Schad's two claims. This error leads the majority to dismiss Schad's motion by deeming it a second or successive petition. Because Schad in fact presents a new claim that satisfies the standard for relief from judgment under Federal Rule of Civil Procedure 60(b), I dissent.

My disagreement with the majority turns on an assessment of the proper interpretation of the scope of Schad's old and new claims. When Schad presented new evidence on federal habeas regarding the failure of sentencing counsel to investigate the state of his serious mental illness as of the time of the crime, he advanced a new claim distinct from his earlier one that counsel should have investigated Schad's history of childhood abuse. *See Valerio v. Crawford*, 306 F.3d 742, 768 (9th Cir. 20002) (en banc). Although the majority blends the two claims into a single argument, each of these claims relies basically on different evidence, invokes a different legal basis for mitigation, and results from a different kind of deficiency in counsel's investigation and presentation of mitigation evidence. Those considerations dictate the conclusion that Schad's claim based on recently-obtained evidence is a new and different one.