GRABER, Circuit Judge,
concurring:
I concur in the majority opinion but would deny the Rule 60(b) motion for a second, independent reason.
The Supreme Court emphasized that our court already denied Schad’s Martinez-based request to vacate the judgment and remand the case.[1] “The Ninth Circuit denied [Schad’s] motion on July 27, 2012.” Ryan v. Schad, — U.S. —, 133 S.Ct. 2548, 2549-50, 186 L.Ed.2d 644 (2013) (per curiam). The Supreme Court then denied a petition for certiorari and a petition for rehearing. Id. at 2550. “Further, there is no doubt that the arguments presented in the rejected July 10, 2012, motion were identical to those accepted by the Ninth Circuit the following February.” Id. at 2552. Both motions sought a Martinez remand on the ground that post-conviction counsel should have developed more evidence to support the claim of ineffective assistance of counsel at sentencing. Id. The Court went on to suggest that Schad was not diligent in developing this claim. See, e.g., id. at 2550 n. 2, 2552 n. 3.
I take those statements to instruct, or at least strongly suggest, that the law of the case doctrine applies. Accordingly, I would deny the Rule 60(b) motion on this ground as well.

. I question the relevance of Martinez v. Ryan, - U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), because the district court did not rely on a procedural default that could be excused. The court examined the issue on the merits.