**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GRAHAM S. HENRY,
  *Petitioner-Appellant*,

v.

CHARLES L. RYAN,
  *Respondent-Appellee*.

No. 09-99007

D.C. No.
2:02-CV-00656-SRB

ORDER

Filed April 8, 2014

Before: Raymond C. Fisher, Richard C. Tallman,
and Consuelo M. Callahan, Circuit Judges.

## SUMMARY[*]

### Habeas Corpus/Death Penalty

The panel denied an untimely motion to reconsider its previous order denying a petition for panel rehearing of its decision affirming the denial of a 28 U.S.C. § 2254 habeas corpus petition challenging a conviction and capital sentence for murder and related offenses.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Judge Fisher dissented.  He would hold this appeal in abeyance pending resolution of en banc proceedings in *McKinney v. Ryan*, 730 F.3d 903 (9th Cir. 2013), *reh'g en banc granted*, 2014 WL 1013859 (9th Cir. Mar. 12, 2014).

---

**ORDER**

The Supreme Court has stated that "finality and comity concerns, based in principles of federalism, demand that federal courts accord the appropriate level of respect to state judgments." *Ryan v. Schad*, 133 S. Ct. 2548, 2551 (2013) (internal quotation marks omitted).  In this case, finality is long overdue.

The panel issued its opinion in June 2013.  It then proceeded to give Henry two extensions of time in which to file petitions for panel rehearing and rehearing en banc. Upon finally receiving the petitions, ordering a response, and allowing ample time for their consideration, no judge requested a vote on whether to rehear the matter en banc. Consequently, on November 1, 2013, the panel filed an order that denied the petition for rehearing en banc and expressed the panel's unanimous will to deny panel rehearing.

Nearly five months later, after Henry delayed Supreme Court consideration by requesting (and receiving) an extension of time in which to file his petition for certiorari, this court granted rehearing en banc in a different, yet arguably related case, *McKinney v. Ryan*, 730 F.3d 903 (9th Cir. 2013), *rehearing en banc granted*, 2014 WL 1013859 (Mar. 12, 2014).  As a result, a fortnight before his certiorari deadline, Henry filed an "Expedited Motion for Full-Court

Reconsideration" of our November 1, 2013, order denying rehearing en banc. Judge Thomas denied that motion as non-cognizable under our Circuit's en banc rules. Then Henry filed a timely petition for certiorari with the Supreme Court. *See* Ninth Circuit Dkt. No. 100, Supreme Court No. 13-9512.

Now, with one foot through the Supreme Court's front door, Henry invites the panel to reconsider its November 1, 2013, order denying the petition for panel rehearing. We decline.

Henry's ghastly crimes are almost twenty-eight years old. And we will not permit Supreme Court review to wait any longer while other cases move through the system. Henry had his shot before the Ninth Circuit, and it is time to move on. We previously found that the Arizona courts committed no reversible error because they "already considered Henry's intoxication at the time of the murder as a mitigating factor" and so "[g]iven the similar nature of the mitigation, the additional evidence of Henry's historical alcoholism would have had minimal mitigating value."[1] *Henry v. Ryan*, 720 F.3d 1073, 1090 (9th Cir. 2013). We went on to observe that "[i]f the state courts concluded that intoxication *with* a causal connection to the crime was not sufficient to call for leniency, it is highly doubtful that they would have considered alcoholism without a causal connection to be sufficient." *Id.* And we concluded that "even assuming the state courts committed causal nexus error, the error did not have a

---

[1] In addition, the Arizona Supreme Court also concluded that there was insufficient evidence of historical substance abuse. *See State v. Medrano*, 914 P.2d 225, 228–29 (Ariz. 1996).

substantial and injurious effect or influence in determining the sentence."**²**  *Id.* at 191.

If the error Henry alleges is truly structural, the swiftest and most efficient means of addressing it is already at hand—Supreme Court review.  Henry has raised the structural-error argument in his petition for certiorari, where he names at least 16 other Arizona capital cases currently "in the pipeline" that would be affected by a Supreme Court disposition in his case.  *Petition for cert.*, at *17–20 (U.S. Mar. 31, 2014) (No. 13-9512) (quoting *Poyson v. Ryan*, 743 F.3d 1185, 1188 (9th Cir. 2013) (Kozinski, C.J., dissenting from denial of rehearing en banc)).  He identifies a circuit split on whether *Eddings* error is structural and notes that several circuits waver between structural and harmless error.  *Id.* at 15–17.  For all these reasons, the Supreme Court is precisely where Henry's question ought to remain.

Just last year we were chided for holding on to a death penalty case for too long.  *See Schad*, 133 S. Ct. at 2551.  In the process, we were told that "[s]tates have an 'interest in the finality of convictions that have survived direct review within the state court system.'"  *Id.* (quoting *Bell v. Thompson*, 545 U.S. 794, 813 (2005)).  We need not be told again.

We recognize that because the panel in *Poyson v. Ryan* decided to withdraw its prior denial of Poyson's petition for panel rehearing pending the en banc decision in *McKinney* (exactly what Henry requests), our decision here may be viewed as inequitable.  But the "profound interests in repose"

---

**²** Our assumption allowed us to avoid determining whether there was any error at all, permitting us to preserve a unanimous panel.

require us to relinquish this case. *Schad*, 133 S. Ct. at 2551 (quoting *Calderon v. Thompson*, 523 U.S. 538, 550 (1998)).

For the foregoing reasons, we deny Henry's untimely motion to reconsider our November 1, 2013, order denying the petition for panel rehearing. The perceived friendlier waters of the Ninth Circuit cannot harbor all boats indefinitely.

**DENIED.**

FISHER, Circuit Judge, dissenting:

I respectfully dissent from the court's order. There are two reasons to hold Henry's appeal in abeyance until *McKinney v. Ryan*, 730 F.3d 903 (9th Cir. 2013), *reh'g en banc granted*, 2014 WL 1013859 (9th Cir. Mar. 12, 2014), is decided. First, as the majority notes, our court has taken similar action in *Poyson v. Ryan*, No. 10-99005 (9th Cir. Apr. 2, 2014), and it would be inequitable to deny Henry the same relief we have afforded Poyson, a similarly situated capital habeas petitioner. Second, our denial of habeas relief in Henry's case was based on our application of harmless error review to Henry's claim of unconstitutional causal nexus error. *See Henry v. Ryan*, 720 F.3d 1073, 1089–91 (9th Cir. 2013). If *McKinney* holds that error under *Eddings v. Oklahoma*, 455 U.S. 104 (1982), is structural, our denial of habeas relief would no longer constitute good law. Although there may be times when getting the right answer should yield to the interest in finality, this is not one of them. The mandate in Henry's capital habeas appeal has not yet issued, and "[u]ntil the mandate issues, we retain jurisdiction, and we

are capable of modifying or rescinding [our] opinion." *Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 856 (9th Cir. 2004) (citation omitted). Henry's appeal should be stayed until *McKinney* is resolved. If *McKinney* holds that *Eddings* error is structural, we should withdraw our opinion and address whether Henry is entitled to habeas relief.

These steps, of course, are all the more appropriate given that this is a death penalty case, and a life hangs in the balance. *See Mayfield v. Woodford*, 270 F.3d 915, 933 (9th Cir. 2001) (en banc) (Gould, J., concurring) (a capital defendant, "for whom life or death hangs in the balance, deserves the benefit of the doubt"); *see also Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) (Scalia, J.) ("Proportionality review is one of several respects in which we have held that 'death is different,' and have imposed protections that the Constitution nowhere else provides."). And the path Henry has proposed, and that we have taken in *Poyson*, serves the interests in judicial economy by staying Supreme Court proceedings while our own law, and potentially the outcome in Henry's appeal itself, remain in flux.

I agree with the majority that the Supreme Court ought to decide whether *Eddings* error is structural. But the Court has so far declined to address that issue. *See* Ben Cheng, *Petition of the day*, SCOTUSblog (Sept. 21, 2012, 10:55 PM), http://www.scotusblog.com/2012/09/petition-of-the-day-340/ ("Issue: Whether Eighth Amendment harmless-error review applies when a capital-sentencing jury is precluded from considering relevant mitigating evidence."), *McGowen v. Thaler*, 675 F.3d 482, 496 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 648 (2012). Given that Supreme Court review is discretionary, *see* Sup. Ct. R. 10, Henry appropriately relies

not only on his petition for certiorari but also on our en banc process in *McKinney* to address his structural error argument.