ORDER
The Supreme Court has stated that “finality and comity concerns, based in principles of federalism, demand that federal courts accord the appropriate level of respect to state judgments.” Ryan v. Schad, — U.S. —, 133 S.Ct. 2548, 2551, 186 L.Ed.2d 644 (2013) (internal quotation marks omitted). In this case, finality is long overdue.
The panel issued its opinion in June 2013. It then proceeded to give Henry two extensions of time in which to file petitions for panel rehearing and rehearing en banc. Upon finally receiving the petitions, ordering a response, and allowing ample time for their consideration, no judge requested a vote on whether to rehear the matter en banc. Consequently, on November 1, 2013, the panel filed an order that denied the petition for rehearing en banc and expressed the panel’s unanimous will to deny panel rehearing.
Nearly five months later, after Henry delayed Supreme Court consideration by requesting (and receiving) an extension of time in which to file his petition for certio-rari, this court granted rehearing en banc in a different, yet arguably related case, McKinney v. Ryan, 730 F.3d 903 (9th Cir.2013), rehearing en banc granted, 745 F.3d 963, 2014 WL 1013859 (Mar. 12, 2014). As a result, a fortnight before his certiorari deadline, Henry filed an “Expedited Motion for Full-Court Reconsideration” of our November 1, 2013, order denying rehearing en banc. Judge Thomas denied that motion as non-cognizable under our Circuit’s en banc rules. Then Henry filed a timely petition for certiorari with the Supreme Court. See Ninth Circuit Dkt. No. 100, Supreme Court No. 13-9512.
Now, with one foot through the Supreme Court’s front door, Henry invites the panel to reconsider its November 1, 2013, order denying the petition for panel rehearing. We decline.
Henry’s ghastly crimes are almost twenty-eight years old. And we will not permit Supreme Court review to wait any longer while other cases move through the system. Henry had his shot before the Ninth Circuit, and it is time to move on. We previously found that the Arizona courts committed no reversible error because they “already considered Henry’s intoxication at the time of the murder as a mitigating factor” and so “[gjiven the similar nature of the mitigation, the additional evidence of Henry’s historical alcoholism would have had minimal mitigating value.” [1] Henry v. Ryan, 720 F.3d 1073, 1090 (9th Cir.2013). We went on to observe that “[i]f the state courts concluded that intoxication with a causal connection to the crime was not sufficient to call for leniency, it is highly doubtful that they would have considered alcoholism without a causal connection to be sufficient.” Id. And we concluded that “even assuming the state courts committed causal nexus error, the error did not have a substantial and injurious effect or influence in determining the sentence.”[2] Id. at 1091.
*942 If the error Henry alleges is truly structural, the swiftest and most efficient means of addressing it is already at hand — Supreme Court review. Henry has raised the structural-error argument in his petition for certiorari, where he names at least 16 other Arizona capital cases currently “in the pipeline” that would be affected by a Supreme Court disposition in his case. Petition for cert., at *17-20 (U.S. Mar. 31, 2014) (No. 13-9512) (quoting Poyson v. Ryan, 743 F.3d 1185, 1188 (9th Cir.2013) (Kozinski, C.J., dissenting from denial of rehearing en banc)). He identifies a circuit split on whether Eddings error is structural and notes that several circuits waver between structural and harmless error. Id. at *15-17. For all these reasons, the Supreme Court is precisely where Henry’s question ought to remain.
Just last year we were chided for holding on to a death penalty case for too long. See Schad, 133 S.Ct. at 2551. In the process, we were told that “[s]tates have an ‘interest in the finality of convictions that have survived direct review within the state court system.’ ” Id. (quoting Bell v. Thompson, 545 U.S. 794, 813, 125 S.Ct. 2825, 162 L.Ed.2d 693 (2005)). We need not be told again.
We recognize that because the panel in Poyson v. Ryan decided to withdraw its prior denial of Poyson’s petition for panel rehearing pending the en banc decision in McKinney (exactly what Henry requests), our decision here may be viewed as inequitable. But the “profound interests in repose” require us to relinquish this case. Schad, 133 S.Ct. at 2551 (quoting Calderon v. Thompson, 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998)).
For the foregoing reasons, we deny Henry’s untimely motion to reconsider our November 1, 2013, order denying the petition for panel rehearing. The perceived friendlier waters of the Ninth Circuit cannot harbor all boats indefinitely.
DENIED.

. In addition, the Arizona Supreme Court also concluded that there was insufficient evidence of historical substance abuse. See State v. Medrano, 185 Ariz. 192, 914 P.2d 225, 228-29 (1996).

. Our assumption allowed us to avoid determining whether there was any error at all, permitting us to preserve a unanimous panel.