**E-FILED**
**CNMI SUPREME COURT**
E-filed: Oct 16 2025 02:00PM
Clerk Review: Oct 16 2025 02:01PM
Filing ID: 77317591
Case No.: 2022-SCC-0016-CIV
Judy Aldan



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**SECUNDINA UNTALAN PANGELINAN AND SELINA MARIE PANGELINAN,**
*Plaintiffs-Appellees*,

***v.***

**JOHN SABLAN PANGELINAN,**
*Defendant-Appellant*.

**Supreme Court No. 2022-SCC-0016-CIV**

---

**ORDER DENYING MOTION FOR STAY OF MANDATE; DENYING MOTION TO RECONSIDER ORDER DENYING PETITION FOR REHEARING**

**Cite as: 2025 MP 9**

Decided October 16, 2025

---

ASSOCIATE JUSTICE PERRY B. INOS
JUSTICE PRO TEMPORE ROBERT J. TORRES, JR.
JUSTICE PRO TEMPORE WESLEY M. BOGDAN

---

Superior Court Civil Action No. 17-0067
Associate Judge Joseph N. Camacho, Presiding

---

Per Curiam:

¶ 1     Appellant John Sablan Pangelinan ("Appellant") moves (1) to stay the mandate (2) to reconsider this Court's July 25, 2025 order denying his petition for rehearing, and (3) for substantive relief. The motion for stay of mandate is premised solely on his motion to reconsider. The motion to reconsider, in turn, reasserts arguments previously rejected by this Court, including challenges to our holdings that issue preclusion barred Appellant's quiet title action and that the trial court properly set aside the entry of default against Appellees Secundina and Selina Pangelinan ("Appellees"). For the reasons that follow, all requested relief is DENIED.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2     This litigation started in 2017 when Appellees sued Appellant alleging abuse of process during the probate of Norberto Eduardo Pangelinan. In *Pangelinan v. Pangelinan*, 2024 MP 5, we affirmed the Superior Court's rulings in favor of the Appellees. Following this, Appellant filed a petition for rehearing, which was denied. *Pangelinan v. Pangelinan*, 2025 MP 3 ¶ 26. He now seeks further review through a motion to reconsider denial of rehearing, stay the mandate, and additional substantive relief.

## II. LEGAL STANDARD

¶ 3     Under NMI Sup. Ct. R. 41(d)(1), the timely filing of a petition for rehearing or "motion for stay of mandate" stays the mandate until the disposition of the motion, unless the Court orders otherwise. *See Ishimatsu v. Royal Crown Ins. Corp.*, 2012 MP 17 ¶ 8 (discussing when a mandate will issue). A motion for stay of mandate under this rule lies within this Court's discretion which extends to considering a motion for reconsideration of a denial of a petition for rehearing. *See Alphin v. Henson*, 552 F.2d 1033, 1034 (4th Cir. 1977) (allowing a second petition); *People v. San Nichols*, 2016 Guam 21 ¶ 23 (discussing the court's general power to alter its judgment until the mandate is issued). Moreover, as the U.S. Supreme Court has stated, non-certiorari-related reasons for discretionarily staying a mandate are "rare." *Bell v. Thompson*, 545 U.S. 794, 806 (2005). We similarly disfavor such motions, as they undermine the finality of court decisions that is essential to justice. *See In re Estate of Roberto*, 2010 MP 7 ¶ 18 (holding that finality's "enforcement is essential to the maintenance of social order").

¶ 4     Reconsideration may be appropriate where there exists "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *ANAKS Ocean View Hill Homeowners Ass'n v. Atkins Kroll Saipan*, 2023 MP 4 ¶ 31 (*quoting Commonwealth v. Eguia*, 2008 MP 17 ¶ 7). A clear error occurs where, after reviewing all the evidence, the Court is left with a firm and definite conviction that a mistake has been made. *Id.*

### III. DISCUSSION

¶ 5      The discretionary motion for stay of mandate in Rule 41(d)(1), under which Appellant brings his motion for stay, must be understood in light of the overall structure of NMI SUP. CT. R. 41. A Rule 41(d)(1) motion invokes this Court's inherent authority over a judgment prior to issuance of the mandate. *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1529 (9th Cir. 1989). This discretion includes the authority to modify or alter its judgment before the mandate issues or cert is denied. *See id.* at 1528 (discussing how normally a party "need not demonstrate that exceptional circumstances justify a stay"). But, this control over the mandate is not unlimited and there must be a reason for granting a stay. *See Ryan v. Schad*, 570 U.S. 521, 525 (2013) (assuming for argument that discretionary authority following a denial of cert exists, and holding that discretionary authority with regards to staying the mandate is abused when stayed for insufficient reasons).

¶ 6      A Rule 41(d)(2) motion is applicable when a party asks for a stay of mandate pending the filing or resolution of a petition for a writ of certiorari in the United States Supreme Court and also imposes heightened standards such as a showing of good cause and a substantial federal question. NMI SUP. CT. R. 41(d)(2). If certiorari is denied, barring "rare" circumstances, the mandate must issue immediately. *Bell*, 545 U.S. at 806, 813–14 (finding an abuse of discretion where the Sixth Circuit did not issue a mandate after a denial of cert). These types of exceptional cases typically involve both a certiorari-related justification and a separate, independent justification for stay. *See, e.g., Alphin*, 552 F.2d at 1035 (granting the second petition for rehearing and accompanying stay after a denial of a petition for writ of certiorari as there had been a change in the law during the certiorari process and the stay had been entered for an additional non-certiorari reason).

¶ 7      Here, Appellant has not filed for a writ of certiorari in the United States Supreme Court and simply disagrees with our decision. This does not justify reconsidering a petition for rehearing. *See In re Estate of Deleon Guerrero*, 1 NMI 324, 327 (1990). Appellant alleges no new evidence and no intervening change of controlling law since the denial of the petition for rehearing. Appellant's claimed justification is that the last opinion was clear error but this claim must fail as he does not identify such an error.

¶ 8      Appellant repeats arguments previously rejected, including challenges based on allegedly manufactured arguments, the entry of default, and issue preclusion based on probate proceedings, whether JWP was of Northern Marianas Descent, and Appellees' standing. *See Pangelinan v. Pangelinan*, 2025 MP 3 ¶¶ 5, 7, 15, 21, 25. In seeking relief, the appellant attempts to incorporate arguments from previous filings into this motion. Absent extraordinary circumstances, a petition for rehearing cannot be used to reassert arguments already addressed. *Id.* ¶ 6. A petition for rehearing must "state with particularity each point of law or fact that the petitioner believes the Court has overlooked or misapprehended." *Id.*

¶ 9     Reviewing the motion, we are not left with a firm and definitive conviction that a mistake has been made and as such can find no clear error. Without clear error, and no other basis warranting reconsideration, we cannot issue a stay of mandate.

### IV. CONCLUSION

¶ 10    For the foregoing reasons, we DENY the motion for stay of mandate, motion to reconsider the order denying the petition for rehearing and the request for substantive relief. The Clerk shall issue forthwith the mandate in this matter.

SO ORDERED this 16th day of October, 2025

/s/
PERRY B. INOS
Associate Justice

/s/
ROBERT J. TORRES, JR.
Justice Pro Tempore

/s/
WESLEY M. BOGDAN
Justice Pro Tempore

COUNSEL

John B. Pangelinan, Pro Se.

Janet H. King, for Appellees.

*NOTICE*

*This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In the event of any discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236-9715, or e-mail Supreme.Court@NMIJudiciary.gov.*